# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JAMES Q. SUDBERRY,<br>　　　Petitioner, | Case No. 1:13-cv-623 |
| | Spiegel, J. |
| vs. | Bowman, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,<br>　　　Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody, has filed a pro se petition for writ of habeas corpus challenging his Butler County, Ohio murder and assault convictions. (Doc. 1). This matter is before the Court on respondent's motion to dismiss. (Doc. 14).

## I. PROCEDURAL HISTORY

### State Court Proceedings

On October 31, 2000, after petitioner was tried before a jury in the Butler County Court of Common Pleas, petitioner was convicted of one count of murder and sentenced to a prison sentence of fifteen years to life. (Doc. 14, Ex. 1).

In a separate case, petitioner also pled guilty to one count of assault on a police officer. (Doc. 14, Ex. 2). Petitioner was sentenced to a prison term of seventeen months, to be served concurrently with the sentenced imposed for his murder conviction. (Doc. 14, Ex. 4). Petitioner did not appeal from his assault on a police officer conviction and sentence.

Petitioner appealed to the Ohio Court of Appeals from his murder conviction. On November 13, 2001, the appeals court affirmed the judgment of the trial court. (Doc. 14, Ex. 5). Petitioner subsequently filed a motion to file a delayed appeal to the Ohio Supreme Court, which was denied on August 19, 2002. (*See* Doc. 14, Ex. 40).

**Post-Conviction Petitions**

On April 19, 2004, petitioner filed a post-conviction petition in the Butler County Court of Common Pleas, seeking relief from his assault on an officer conviction and sentence. (Doc. 14, Ex. 11). Petitioner also filed a motion to amend his not-guilty plea by reason of insanity in his murder trial. (Doc. 14, Ex. 12). The trial court denied petitioner's motions on October 4, 2004. (Doc. 14, Ex. 13).

On July 16, 2007, petitioner filed a second motion for post-conviction relief. (Doc. 14, Ex. 14). The trial court denied the motion as untimely on July 20, 2007. (Doc. 14, Ex. 15).

On February 28, 2011, petitioner also filed a pro se petitioner for a writ of habeas corpus in the Ohio Supreme Court. (Doc. 14, Ex. 25). The Ohio Supreme Court dismissed the petition on April 20, 2011. (Doc. 14, Ex. 26).

On June 18, 2013, petitioner filed a pro se motion for judicial release in the Butler County Court of Common Pleas. (Doc. 14, Ex. 36). The motion was denied by the trial court on July 22, 2013. (Doc. 14, Ex. 37).

**Federal Habeas Corpus**

Petitioner filed the instant habeas petition on September 3, 2013, challenging his Butler County convictions for murder and assault on an officer. (Doc. 1). Petitioner raises the following four grounds for relief in the petition:

GROUND ONE: Mitigation

GROUND TWO: Ineffective assistance of counsel

GROUND THREE: Miranda rights

GROUND FOUR: Impartial Jury

2

(Doc. 1).

Respondent has filed a motion to dismiss the petition on the ground that the petition is successive with regard to petitioner's challenges to his murder conviction and that petitioner has procedurally defaulted and waived his grounds for relief challenging his assault conviction. (Doc. 14).

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

For the reasons that follow, petitioner's motion to dismiss should be granted. To the extent that petitioner is challenging his Butler County murder conviction, the petition should be transferred to the Sixth Circuit as a second or successive petition. To the extent that petitioner challenges his assault on an officer conviction, these claims should be dismissed as time-barred.

### A. The petition is successive to the extent that petitioner challenges his murder conviction.

This is not the first federal habeas corpus petition filed by petitioner with this Court challenging his Butler County murder convictions. On March 27, 2003, petitioner filed his first habeas petition challenging his murder conviction. *See Sudberry v. Warden*, Case No. 1:03-cv-537 (S.D. Ohio March 27, 2003) (Beckwith, J; Hogan, M.J.). (*See also* Doc. 14, Ex. 6). Although the petition was initially stayed pending the exhaustion of petitioner's state post-conviction action, the petition was dismissed after the Court determined that the petition was time-barred. (*See* Doc. 14, Ex. 19, 20).

Petitioner has also filed several motions to file a second or successive habeas petition. On December 24, 2008, petitioner filed a motion to file a successive petition raising the same claims as his first habeas petition. (Doc. 14, Ex. 22). The Sixth Circuit denied the motion on

3

November 10, 2009. (Doc. 14, Ex. 23). Petitioner also filed motions to file successive petitions on April 28, 2011 and April 3, 2012. (Doc. 14, Ex. 27, 29). The Sixth Circuit denied both motions. (Doc. 28, 30).[1]

Pursuant to 28 U.S.C. § 2244(b)(1), the federal district court must dismiss a claim presented in a second or successive habeas corpus petition that was raised in a prior petition. In addition, the court must dismiss a claim presented in a second or successive petition, which the petitioner did not include in the prior petition, unless: (1)(a) petitioner shows the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or (b) the factual basis for the claim could not have been discovered previously through the exercise of due diligence; and (2) the facts would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Before the district court may consider a successive petition, the petitioner must first request and obtain authorization for such consideration from the court of appeals. 28 U.S.C. § 2244(b)(3). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *Id. See Magwood v. Patterson*, __ U.S. __, 130 S.Ct. 2788, 2796 (2010); *In re Cook,* 215 F.3d 606, 607 (6th Cir. 2000).

In this case, petitioner is attacking the same murder conviction and sentence challenged in his prior petitions. The Court's decision denying the prior petition on the ground that the

---

[1] Petitioner has also filed two habeas petitions to the United States Supreme Court, which were denied. (Doc. 14, Ex. 47, 48).

petition was time-barred constitutes an adjudication on the merits.  *See In re Cook,* 215 F.3d 606, 608 (6th Cir. 2000) (holding that dismissal of petition based on unexcused procedural default of claims in state court is considered "on the merits").   In such a case, the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent habeas application.  Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

When a prisoner has filed a second or successive petition for habeas corpus relief in the district court without first obtaining authorization from the Court of Appeals, the district court in the interest of justice pursuant to 28 U.S.C. § 1631 is required to transfer the case to the Sixth Circuit for consideration as required under § 2244(b)(3).  *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2d Cir. 1996)).

Accordingly, it is hereby recommended that respondent's motion to dismiss (Doc. 14) be granted with regard to petitioner's grounds for relief challenging his murder conviction, to the extent that the Court transfer petitioner's successive habeas petition to the Sixth Circuit.

**B. To the extent that petitioner challenges his assault on an officer conviction his claims are time-barred.**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

5

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Petitioner has not argued, nor is there evidence in the record to suggest, that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to his claims. Petitioner has not alleged that a State created impediment prevented him from filing the instant petition or that his claims are governed by a newly recognized constitutional right made retroactively applicable to his case. Furthermore, petitioner's second ground for habeas relief is based on an alleged error that occurred during the trial proceedings. Since petitioner was aware of the facts underlying his claims by the close of trial, his ground for relief is governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became final "by the conclusion of direct review or the expiration for the time for seeking such review."

Under § 2244(d)(1)(A), petitioner's conviction became final on November 30, 2000, upon expiration of the 30-day period for filing an appeal as of right from the trial court's October 31, 2000 final judgment entry. *See* Ohio R. App. P. 4(A). The statute commenced running on December 1, 2000, the next business day after petitioner's conviction became final, *see* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on

6

December 1, 2001, absent the application of statutory or equitable tolling principles.

During the one-year limitations period petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

It is well-settled that a state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). State post-conviction or collateral review applications rejected by the state courts on timeliness grounds are not "properly filed" and, therefore, are not subject to statutory tolling under § 2244(d)(2). *See Allen,* 552 U.S. at 5-6; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Vroman,* 346 F.3d at 603.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. The statute of limitations had run for 1235 days before petitioner filed his first petition for post-conviction relief. (*See* Doc. 14, Ex. 11). Because petitioner's post-conviction motions were all filed after the one-year statute of limitations had expired statutory tolling would not serve to extend the limitations period. *Vroman,* 346 F.3d at 602.

7

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace,* 544 U.S. at 418. Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, petitioner has not shown that he has been diligent in pursuing his rights. The Sixth Circuit has indicated that the relevant inquiry in determining whether equitable tolling applies is whether petitioner was diligent in pursuing federal habeas relief. In this case, petitioner waited 4659 days to file his habeas petition after his assault on an officer conviction became final. Accordingly, petitioner has not demonstrated that he was diligent in pursuing his federal rights. *Vroman v.*

8

*Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (finding that petitioner's decision to proceed solely in state court "rather than filing his federal habeas petition and protecting his federal constitutional rights, demonstrates a lack of diligence"). Second, petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner. Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Accordingly, petitioner has not demonstrated that an extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. Petitioner has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights.

Accordingly, to the extent that petitioner challenges his Butler County 2000 assault on an officer conviction, the undersigned concludes that petitioner's federal habeas corpus petition is time-barred.

Accordingly, in sum, the undersigned concludes that petitioner's federal habeas corpus is successive to the extent that petitioner challenges his murder conviction and time-barred to the extent that petitioner challenges his assault on an officer conviction. Therefore, respondent's motion to dismiss (Doc. 14) should be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 14) be **GRANTED** and the petition for a writ of habeas corpus (Doc. 1) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States

9

Court of Appeals for the Sixth Circuit for consideration whether the district court may review petitioner's challenges to his murder conviction in accordance with 28 U.S.C. § 2244(b).

With respect to petitioner's grounds for relief challenging his assault on an officer conviction, it is recommended that these claims, filed well after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

2.  A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[2]

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  See Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

  *s/ Stephanie K. Bowman*
  Stephanie K. Bowman
  United States Magistrate Judge

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief.  See *Slack,* 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JAMES Q. SUDBERRY,<br>    Petitioner, | Case No. 1:13-cv-623 |
| vs. | Spiegel, J.<br>Bowman, M.J. |
| WARDEN, SOUTHERN OHIO<br>CORRECTIONAL FACILITY,<br>    Respondent. | |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).