UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|                              |   |                       |
|------------------------------|---|-----------------------|
| JAMES Q. SUDBERRY,           | : | NO. 1:13-CV-00623     |
|                              | : |                       |
| Petitioner,                  | : |                       |
|                              | : |                       |
| vs.                          | : | **OPINION AND ORDER** |
|                              | : |                       |
| WARDEN, SOUTHERN OHIO        | : |                       |
| CORRECTIONAL FACILITY,       | : |                       |
|                              | : |                       |
| Respondent.                  | : |                       |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 18), and Petitioner's Objection (doc. 21). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 18) GRANTS Respondent's Motion to Dismiss and TRANSFERS the Petition to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review Petitioner's challenges to his murder conviction in accordance with 28 U.S.C. § 2244(b). With respect to Petitioner's grounds for relief challenging his assault on an officer conviction, the Court DISMISSES such claims with prejudice.

Petitioner received murder and assault convictions in the Butler County Court of Common Pleas for which he is serving a sentence of fifteen years to life. Petitioner did not appeal his assault conviction but did appeal his murder conviction, which ultimately was denied by the Ohio Supreme Court in 2002. In 2004, and later in 2007, Petitioner filed post-conviction petitions which

were denied. In 2011 Petitioner filed a <u>pro se</u> petition for a writ of habeas corpus in the Ohio Supreme Court, which dismissed his petition. In 2013, Petitioner filed a <u>pro se</u> petition for judicial release in the Butler County Court of Common Pleas, which it denied.

Petitioner filed the instant habeas petition in 2013, once again challenging his Butler County convictions for murder and assault on an officer (doc. 18). He brings four grounds for relief: 1) mitigation, 2) ineffective assistance of counsel, 3) miranda rights, and 4) impartial jury (doc. 1). Respondent has filed a motion to dismiss on the ground the petition is successive with regard to the murder conviction and that Petitioner has procedurally defaulted on the assault conviction (doc. 14).

The Magistrate Judge reviewed the record and found Respondent's motion well-taken (doc. 18). The Magistrate Judge noted that Petitioner had previously filed a federal habeas petition, Case No. 1:03-CV-537, in this Court, challenging the same murder conviction and sentence challenged here (<u>Id</u>.). She further noted the previous dismissal of a petition as time-barred constitutes an adjudication on the merits (<u>Id</u>. <u>citing</u> <u>In re Cook</u>, 215 F.3d 606, 608 (6th Cir. 2000)). Therefore, she opined, the instant petition is a successive petition for which the court lacks jurisdiction without Petitioner first obtaining authorization from the Sixth Circuit (<u>Id</u>.).

As for Petitioner's challenge to his assault on an officer conviction, the Magistrate Judge found such claim time-

barred (Id.).  The Magistrate Judge found Petitioner's conviction became final November 30, 2000 under Section 2244(d)(1)(A) such that the statute of limitations began running the next day and expired one year later on December 1, 2001 (Id.).  The Magistrate Judge found that no statutory tolling applies to extend the limitations period in this case, and that Petitioner has not demonstrated that he is entitled to equitable tolling (Id.).

The Magistrate Judge therefore recommended that Respondent's motion to dismiss be granted as the petition is successive as to the murder conviction, and time-barred as to the assault on an officer conviction (Id.).  She further recommended the Court not issue a certificate of appealability and deny any application to proceed in forma pauperis (Id.).

Petitioner has objected to the Report and Recommendation, recounting his long history of struggle with mental illness, and a description of his underlying offense, which resulted in the death of his uncle (doc. 21).  He characterizes his assault on his uncle as a freak accident, as self-defense, and that he was not guilty by reason of insanity (Id.).  He argues his Miranda rights were violated and that he was deprived of a jury of his peers because the foreman was much older than himself, and "this black older preppy guy" was dismissed from the panel (Id.).  Petitioner's objection shows he has had exposure to college studies, had success in track and field, and even as a dancer (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned,

thorough, and correct.  The Court has reviewed Petitioner's Objection and does not find that it addresses the core reasons behind the Magistrate Judge's Recommendation, but rather attempts to re-litigate the merits of his murder case.  The Court finds that it is simply bound by the law which states that as a successive petition, this Court lacks jurisdiction over the petition without authorization from the Sixth Circuit.  28 U.S.C. 2244(b)(1).  Petitioner has not shown that his claim relies on a new rule of constitutional law made retroactive by the Supreme Court that was previously unavailable, or the factual basis for the claim could not have been discovered previously through the exercise of due diligence, and the facts would be sufficient to establish by clear and convincing evidence that but for constitutional error no reasonable fact-finder would have found Petitioner guilty.  28 U.S.C. 2244(b)(2).  The Petitioner must make the showing above to the Sixth Circuit before it will authorize this Court to consider a successive petition with regard to his murder conviction.  The Court will therefore transfer the murder portion of this case to the Appeals Court, consistent with Section 2244(b)(3).

Similarly, Petitioner's Objection has not shown that his assault on an officer charge is not time-barred.  Indeed his objection barely addresses the charge.  The Court finds well-taken the Magistrate Judge's conclusion that no statutory or equitable tolling applies to such claim.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate

Judge's Report and Recommendation (doc. 18), GRANTS Respondent's Motion to Dismiss (doc. 14), DENIES as MOOT Petitioner's Motion (doc. 17), and TRANSFERS the Petition pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the Court may review Petitioner's challenges to his murder conviction in accordance with 28 U.S.C. § 2244(b). The Court DISMISSES with prejudice Petitioner's grounds for relief challenging his assault on an officer conviction, as time-barred.

The Court further finds that a certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: June 26, 2014          s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge